122 F.3d 1070
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
DUNN-EDWARDS CORPORATION; Smiland Paint Co.; Gemini
Coatings Inc.; Conco Paint Company; Triangle Coatings,
Inc.; Trinity Coatings Co.; Wellborn Paint Corp.; X-I-M
Products, Inc.; Hirshfields Paint Manufacturing Inc.;
Wampler Industrial Coatings; Preservo Paint & Coatings
Manufacturing; Kush Paint Company, Plaintiffs-Appellants,
v.
UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; Carol M.
Browner, Administrator; Mary D. Nichols, Assistant
Administrator for Air and Radiation; John S. Seitz,
Director of Office of Air Quality Planning and Standards;
Bruce Jordan, Director of Emissions Standards Division;
Thomas E. Kelly, Small Business Advocacy Chairperson,
Defendants-Appellees.
 No. 97-55561.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted August 5, 1997.
Decided Aug. 27, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CV-96-06306-WMB; William Matthew Byrne, Jr., Chief Judge, Presiding.
 Before: BROWNING, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 ORDER*
 
 I.
 
 2
 Plaintiffs challenge various aspects of the rulemaking process governed by Section 183(e) of the Clean Air Act ("CAA"), which directs the United States Environmental Protection Agency ("EPA") to conduct a study and then to promulgate regulations to control emissions of volatile organic compounds from consumer and commercial products. We lack jurisdiction to consider these challenges.
 
 
 3
 The EPA has not promulgated final rules or otherwise taken any other final action that is reviewable. Although CAA Section 304(a)(2) authorizes citizen suits against the EPA when the agency fails to perform "any act or duty ... which is not discretionary," 42 U.S.C. § 7604(a)(2), Plaintiffs have not demonstrated that the EPA has failed to perform any nondiscretionary duty. See Kennecott Copper Corp. v. Costle, 572 F.2d 1349, 1354 (9th Cir.1978).
 
 
 4
 Moreover, CAA Section 307(b)(1) provides that a "petition for review of ... any ... nationally applicable regulations promulgated, or final action taken, by the Administrator under this chapter may be filed only in the United States Court of Appeals for the District of Columbia," 42 U.S.C. § 7607(b)(1), but Plaintiffs filed this petition for review in the United States District Court for the Central District of California.
 
 II.
 
 5
 Plaintiffs challenge the proposed architectural coatings rule for alleged violations of statutes establishing procedural requirements for rulemaking in this area. We lack jurisdiction to consider these challenges as well.
 
 
 6
 Even if we assume the EPA failed to perform the nondiscretionary duty of publishing a statement of basis and purpose as required by CAA Section 307(d)(3), the district court lacked jurisdiction to consider such a claim because Plaintiffs failed to provide the EPA with the 60-day notice required for a Section 304(a)(2) citizen suit. See 42 U.S.C. § 7604(b)(2).
 
 
 7
 The judicial review section of the Unfunded Mandates Reform Act of 1995 ("UMRA") provides that with regard to a petition for review of an agency's compliance with UMRA's requirements, "the provisions of such other Federal law shall control all other matters, such as ... the time for and manner of seeking review and venue...." 2 U.S.C. § 1571(a)(5). Thus, jurisdiction over Plaintiffs' UMRA claim is governed by the CAA's judicial review provisions, which limit review to final agency action.
 
 
 8
 Finally, the judicial review provision of the Regulatory Flexibility Act, as amended by the Small Business Regulatory Enforcement Fairness Act of 1996, does not provide for judicial review of agency compliance with the particular requirements allegedly violated here. See 5 U.S.C. § 611(a).
 
 
 9
 DISMISSED for lack of jurisdiction.
 
 
 
 *
 This order is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3